IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40725
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY JEROME HEARN,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 3:97-CR-3-7
- - - - - - - - - -

February 15, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

Anthony Jerome Hearn appeals his sentence following his conviction for possession with intent to distribute cocaine base and distribution of cocaine base within 1000 feet of a playground in violation of 21 U.S.C. §§ 841(a), 860. Hearn argues that the district court's drug-quantity determination was unsupported by reliable testimony in violation of U.S.S.G. § 6A1.3, p.s. He contends that the district court failed to make necessary findings in violation of Fed. R. Crim. P. 32(c)(1). He also

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that his due process rights under the Fifth Amendment were violated by the court's reliance on the purportedly unreliable testimony of government witnesses in determining the drug quantity attributable to him for sentencing purposes.

The district court's calculation of the quantity of drugs involved in an offense is a factual determination.  United States v. Alford, 142 F.3d 825, 831 (5th Cir.), cert. denied, 119 S. Ct. 514 (1998).  "'Factual findings regarding sentencing factors are entitled to considerable deference and will be reversed only if they are clearly erroneous.'"  Id. (citation omitted).  Rule 32(c)(1), Fed. R. Crim. P., requires the district court to make findings at the sentencing hearing when a matter is controverted, unless it determines that the matter will not affect sentencing. See § 6A1.3(b), p.s.  In making factual determinations at sentencing, the district court may consider any relevant evidence "'without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.'" United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996)(quoting § 6A1.3), p.s.  All facts used for sentencing purposes must be "reasonably reliable."  United States v. Shacklett, 921 F.2d 580, 584-85 (5th Cir. 1991).

Even if the district court's findings as to the drug quantity attributable to Hearn as a result of purchases made by Larry Giles and Dexter Williams were clearly erroneous in the light of the apparent conflict between the trial testimony and the information set forth in the Presentence Report (PSR), any

error was harmless.  The district court's finding, based on the PSR and Alfred Green's testimony at the sentencing hearing, that Hearn be held accountable for 226.8 grams of cocaine base, is not clearly erroneous.  See United States v. Kay, 83 F.3d 98, 101 (5th Cir. 1996); see § 2D1.1(c)(3) (a drug quantity of at least 150 grams but less than 500 grams of cocaine base warrants a base offense level of 34).  Hearn has not demonstrated that the information set forth in the PSR as to the 226.8-gram amount of cocaine base is unreliable.  He also has not demonstrated that Green's testimony at the sentencing hearing was unreliable.  Hearn has not shown that the district court's factual findings as to this drug quantity are inadequate under Rule Fed. R. Crim. P. 32(c)(1).  See § 6A1.3(b), p.s.

AFFIRMED.