IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41296
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM JUSTIN SLOAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:98-CR-9-1
--------------------
November 8, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

William Justin Sloan appeals the sentence imposed by the district court following his guilty-plea conviction for possession with intent to distribute marijuana and use of a communication facility to facilitate a drug-trafficking crime. Sloan argues that the district court erred in determining that he was a career offender under § 4B1.1 of the United States Sentencing Guidelines. He argues that two of his prior felony drug convictions were "related" and therefore should have been treated as one sentence under § 4A1.2(a)(2). Because the two

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior felony drug convictions were separated by an intervening arrest, the prior sentences were not "related" for purposes of § 4A1.2 or § 4B1.1 of the Guidelines.  See United States v. Huskey, 137 F.3d 283, 285 (5th Cir. 1998).  Further, the application of § 4B1.1 does not violate the Ex Post Facto Clause. See Spencer v. Texas, 385 U.S. 554, 559-60 (1967); Gryger v. Burke, 334 U.S. 728, 732 (1948).  Therefore, the district court did not err in determining that Sloan was a career offender under § 4B1.1 of the Guidelines.

Sloan argues that the district court erred in determining that there were 330 separate marijuana plants with root systems for purposes of calculating the quantity of marijuana attributable to Sloan.  Because Sloan failed to present any evidence to rebut the facts presented in the Presentence Report (PSR) concerning the number of marijuana plants or the actual weight of the marijuana, the district court was entitled to adopt the facts in the PSR without further inquiry.  See United States v. Lowder, 148 F.3d 548, 552 (5th Cir. 1998)(mere objections to the PSR do not suffice as competent rebuttal evidence); United States v. Alford, 142 F.3d 825, 832 (5th Cir.), cert. denied, 119 S. Ct. 514 (1998).

AFFIRMED.