No. 99-20383
-1-

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 99-20383
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RALPH BEN-SCHOTER; WILLIAM T. SCOTT;
LINDA D. SCOTT,

Defendants-Appellants.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-95-CR-284-1
--------------------
April 3, 2000

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ralph Ben-Schoter, William T. Scott, and Linda D. Scott appeal the sentences imposed by the district court at their resentencing. They argue that the district court erred in calculating the amount of loss caused by their offenses. Ben-Schoter and William Scott also argue that the district court erred in refusing to reduce their offense levels by three points pursuant to § 2X1.1(b)(1) of the United States Sentencing Guidelines because some of the transactions were only partially

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

completed.  They have not shown that the district court clearly erred in determining that the amount of the intended loss was at least $80,000,000, requiring an 18-level increase in their offense levels under § 2F1.1(b)(1)(S) of the Guidelines.  Because the defendants completed all of the documents that they believed were necessary to transfer the false treasury notes to the victims for use as collateral, Ben-Schoter and William Scott have not shown that the district court erred in refusing to reduce their offense levels under § 2X1.1.  See § 2X1.1(b)(1).

William and Linda Scott argue that the district court erred in ordering them to pay $3,078,000 in restitution without considering their financial ability to pay the restitution. William Scott also argues that the district court violated the Ex Post Facto Clause by ordering restitution under the Mandatory Victims Restitution Act of 1996 without consideration of his ability to pay.  Although the Scotts objected to the amount of restitution in the district court, they did not object to the restitution on the ground that the district court did not consider their ability to pay or on the ground that the order violated the Ex Post Facto Clause.  Therefore, review is limited to plain error.  United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).  Under Fed. R. Crim. P. 52(b), this court may correct forfeited errors only when the appellant shows the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. Calverley, 37 F.3d at 162-64 (citing United States v. Olano, 507 U.S. 725, 730-36 (1993)).  If these factors are established, the

decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Olano, 507 U.S. at 736. The record indicates that the district court ordered the restitution after considering and adopting the Presentence Report (PSR) which included information concerning the Scotts' employment history and financial ability to pay restitution. The district court's adoption of the PSR is considered sufficient evidence that the district court considered the Scotts' financial resources in ordering restitution. See United States v. Richards, ___ F.3d ___ (5th Cir. Feb. 9, 2000, No. _____), 2000 WL 146318 at **32-33; United States v. Greer, 137 F.3d 247, 252 (5th Cir.), cert. denied, 524 U.S. 920 (1998). Because William Scott has not shown that the district court retroactively applied the Mandatory Victims Restitution Act, the district court did not violate the Ex Post Facto Clause. See Richards, 2000 WL 146318 at **32-33.

Linda Scott argues that the district court erred in determining that she was not a minor participant pursuant to § 3B1.2(b) of the Guidelines. Because Linda Scott assisted in the incorporation of the Delmarva-Nevada Trust, became the CEO/President of the Trust, and signed all of the treasury certificates and other documents necessary to carry out the advance fee scheme, the district court did not err in determining that she was not a minor participant under § 3B1.2(b). See United States v. Posada-Rios, 158 F.3d 832, 880 (5th Cir. 1998).

William Scott argues that the district court erred in determining that he was a leader or organizer under § 3B1.1(a) of the Guidelines.  William Scott recruited Linda Scott, Patricia Moran, and Joseph Vass to sign documents as officers of the Delmarva-Nevada Trust, and the record indicates he exercised decision-making authority in the Delmarva-Nevada Trust and the advance fee scheme.  William Scott did not present any evidence at the resentencing hearing to rebut the facts in the PSR which indicated that he was an organizer or leader.  Therefore, the district court did not clearly err in adopting the PSR and in determining that William Scott was a leader or organizer under § 3B1.1(a).  See United States v. Alford, 142 F.3d 825, 832 (5th Cir.), cert. denied, 119 S. Ct. 514 (1998).

AFFIRMED.