IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41057
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRUCE EDWIN BESS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. V-98-CR-70-1
--------------------
June 13, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges

PER CURIAM:[*]

The defendant's only claim on appeal is that the district court committed clear error in finding that the defendant's relevant conduct involved more than 500 grams of crack cocaine. In making the drug-quantity determination, the district court may consider drug quantities not specified in the count of conviction if they are part of the defendant's relevant conduct as defined in U.S.S.G. § 1B1.3. See § 2D1.1, comment. (n.12); see also United States v. Vital, 68 F.3d 114, 117 (5th Cir. 1995). The district court's determination of the quantity of drugs for

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing purposes is a factual finding that this court reviews for clear error.  United States v. Torres, 114 F.3d 520, 527 (5th Cir. 1997).  A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole.  United States v. Alford, 142 F.3d 825, 831 (5th Cir.), cert. denied, 525 U.S. 1003 (1998).  "Credibility determinations in sentencing hearings 'are peculiarly within the province of the trier-of-fact.'" United States v. Sotelo, 97 F.3d 782, 799 (5th cir. 1996) (citation omitted).

The Presentence Report ("PSR") calculated the relevant amount of crack cocaine at over 13 kilograms, based on FBI interviews with informants familiar with the defendant's drug-trafficking activities.  At the sentencing hearing, the defendant presented witnesses who contradicted the PSR.  The district court concluded that the informants overstated the relevant amount of drugs.  In approximating the quantity of drugs, the court gave the defendant "the benefit of the doubt" and reduced the amount from over 13,000 grams to just over 500 grams.  Although the defendant contends that the Government's evidence was unreliable and implausible and that the district court "double counted" some sales by accepting the overlapping testimony of both Hicks and Gonzales, the district court's finding is plausible in light of the record read as a whole.  See Alford, 142 F.3d at 831.  The district court committed no error.

The ruling of the district court is AFFIRMED.