IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40013
Summary Calendar
_____

UNITED STATES OF AMERICA

　　　　Plaintiff - Appellee

　v.

LINDSAY MARNI MENDEZ

　　　　Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-99-CR-378-2
--------------------
October 26, 2000

Before KING, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

　　Lindsay Marni Mendez appeals his sentence stemming from his conviction for conspiracy to possess with intent to distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B), and aiding and abetting the possession with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2. He contends that the district court violated Fed. R. Crim. P. 32(c)(1) by failing to make specific findings resolving his objection to the presentence report that he should have been held accountable for the weight

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the cocaine only, <u>i.e.</u>, the crystallized cocaine distilled from its liquid medium. Mendez also avers that the district court erred in calculating the quantity of drugs attributable to him for sentencing purposes.

The district court did not violate Rule 32(c)(1) by failing to make specific findings with regard to the drug-quantity calculation. <u>United States v. Garcia</u>, 86 F.3d 394, 401 (5th Cir. 1996). We also find that the district court's determination that the liquid cocaine was a mixture within the meaning of U.S.S.G. § 2D1.1 was not clearly erroneous. <u>United States v. Alford</u>, 142 F.3d 825, 831 (5th Cir. 1998); <u>United States v. Palacios-Molina</u>, 7 F.3d 49, 54 (5th Cir. 1993). Mendez's sentence is therefore AFFIRMED.

AFFIRMED.