IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50193
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CHRISTOPHER RAY HUBERT,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-98-CR-50-1
--------------------

November 8, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Christopher Ray Hubert, appellant, challenges his conviction
and sentence on one count of conspiracy to possess with intent to
distribute cocaine base, or "crack" (Count 1), and one count of
carrying a firearm during commission of a drug trafficking crime
(Count 2).  Finding no error, we affirm.

     Hubert first contends that the district court erred in
refusing to grant his motion for acquittal on the grounds that
the evidence was insufficient to support either charge.  The
standard of review for a challenge to the denial of a motion for

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

judgment of acquittal is the same as that for a challenge to the sufficiency of the evidence: this court asks "whether, viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, a rational jury could have found the essential elements of the offenses beyond a reasonable doubt." United States v. Pruneda-Gonzalez, 953 F.2d 190, 193 (5th Cir. 1992) (citations omitted).

With respect the conspiracy count, the evidence was more than sufficient to support the jury's verdict. In particular, Hubert failed to stop for a police officer until his passenger, Jesse Davis, had jettisoned items from the car; immediately afterwards, police found two packages containing distributable amounts of crack cocaine and a revolver. Police found additional crack in the car and large amounts of cash on Hubert and Davis. Thus, the cumulative circumstantial evidence supports an inference that Hubert had possession of the crack and the revolver in his car and that he was involved in the sale of crack cocaine with Davis. Accordingly, there was evidence from which the jury could infer the three elements of a drug conspiracy: agreement, knowledge, and voluntary participation. See United States v. Dean, 59 F.3d 1479, 1488 (5th Cir. 1995). The jury evidently chose to disregard Hubert's version of the events and we accept the jury's credibility determination. See United States v. Steen, 55 F.3d 1022, 1031 (5th Cir. 1995).

With respect to Count 2, Hubert asserts that the Government failed to prove that the revolver was a firearm. This assertion also fails. The evidence demonstrated that the revolver was a

loaded gun.  The jury was able to view it and make a common-sense determination that it was a firearm.  See United States v. Munoz, 15 F.3d 395, 396 (5th Cir. 1994); United State v. Blevinal, 607 F.2d 1124, 1128 (5th Cir. 1979).  Although the district court did not instruct the jury on the definition of "firearm," Hubert requested no such instruction and did not argue below that the gun was not a firearm.  Given the evidence, no error occurred. See United States v. Hagmann, 950 F.2d 175, 184 n. 21 (5th Cir. 1991).  In addition, the Government was not required to prove the serial number or model of the revolver, as Hubert contends, but only that it met the statutory definition of firearm.  See Dean, 59 F.3d at 1491.  Accordingly, we find that the evidence was sufficient to support the jury's verdict on Count 2.

Hubert next contends that an improper, inflammatory remark by the prosecutor warrants reversal.  Hubert did not object below on the basis that the remark was inflammatory, but that it was outside the evidence.  Nevertheless, even if we assume that he preserved this error for appeal, such error was harmless.  The district court immediately instructed the jury to disregard the comment and told the jury both in its opening and closing instructions that remarks of counsel were not to be considered as evidence.  In addition, the evidence against Hubert was substantial.  Thus, although the remark was improper, it is insufficient to warrant reversal when balanced against the district court's prompt curative instruction, the court's general instructions to the jury, and the significant evidence of Hubert's guilt.  See United States v. Casel, 995 F.2d 1299, 1308

(5th Cir. 1993) (factors to consider in deciding whether to reverse a conviction due to improper prosecutorial remarks are the magnitude of any prejudicial effect, the efficacy of cautionary instructions, and the strength of the evidence supporting the conviction).

Finally, Hubert contests the district court's use of a drug quantity estimate from a confidential informant (CI), in determining his sentence. We review a district court's calculation of drug quantities for clear error. See United States v. Alford, 142 F.3d 825, 831-32 (5th Cir. 1998). A district court may rely on estimates in determining drug quantities for sentencing purposes. Id. at 832. The CI's information was contained in the presentence report (PSR), which ordinarily bears sufficient indicia of reliability for sentencing purposes. Id. at 831-32. Further, a narcotics agent testified at Hubert's sentencing hearing regarding the CI's estimate and said that he was familiar with the CI and knew that the CI had provided reliable information in the past. Hubert failed to present any rebuttal evidence and, therefore, did not meet his burden of proving that the information contained in the PSR was materially untrue. Id. at 832. Accordingly, the district court did not clearly err in relying on the CI's estimate in calculating the drug quantity.

For the foregoing reasons, we AFFIRM the judgment of the district court.

AFFIRMED.