IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31372
Summary Calendar
_____

UNITED STATES OF AMERICA

    Plaintiff - Appellee

 v.

CLIFTON RODNEY COTTEN

    Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 99-CR-85-ALL-C
--------------------
June 6, 2000

Before KING, Chief Judge, and WIENER and BARKSDALE, Circuit
Judges.

PER CURIAM:[*]

  In this direct criminal appeal, Clifton Rodney Cotten argues
that the district court did not afford him the right to
allocution before sentencing him to 24 months of imprisonment
upon his guilty plea to wire fraud.  Rule 32 of the Federal Rules
of Criminal Procedure mandates that a defendant be given the
opportunity "to make a statement and [] present any information
in mitigation of sentence."  Fed. R. Crim. P. 32(c)(3)(C); United
States v. Myers, 150 F.3d 459, 462 (5th Cir. 1998).  To comply

---

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

with Rule 32, "the court, the prosecutor, and the defendant must at the very least interact in a manner that shows clearly and convincingly that the defendant knew he had a right to speak on any subject of his choosing prior to the imposition of sentence." Myers, 150 F.3d at 462. It is not enough that the sentencing court addresses a defendant on a particular issue, affords counsel the right to speak, or hears the defendant's specific objections to the PSR. Id. at 461-62 & n.3. We review a determination whether the defendant was allowed his right to allocution de novo. Id. at 461.

A review of the sentencing transcript reveals that the district court did not afford Cotten his right to allocution. Accordingly, Cotten's sentence is VACATED and the case is REMANDED for resentencing so that Cotten may exercise his right to allocution.

Since the issues raised by the sentence may arise again, we address them. Cotten also argues that the district court's decision to depart upward at sentencing was an ex post facto application of the law. He also argues that there was not a sufficient factual basis to support the court's finding that he used mass-marketing to recruit his victims. Although he challenged the departure on other grounds at sentencing, Cotten failed to object to the upward departure on the grounds he now urges on appeal; therefore, his arguments are limited to plain-error review. See United States v. Alford, 142 F.3d 825, 830 (5th Cir. 1998). Cotten has failed to demonstrate plain error in the district court's upward departure.

VACATED and REMANDED for resentencing.