IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40345
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

TERRY LEE ALLEN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CR-79-2
--------------------
August 21, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Terry Lee Allen appeals his sentence for conspiracy to distribute, and to possess with the intent to distribute, marijuana. Allen contends that the district court clearly erred by enhancing his sentence pursuant to U.S.S.G. § 2D1.1(b)(1), which provides for a two-step increase in the offense level of a drug crime if the defendant possessed a dangerous weapon. Allen argues that the he was unaware of the presence of the guns and that he did not own them, have them on his person, or exercise any control over them.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The adjustment under § 2D1.1(b)(1) should be applied if the weapon was present unless it is clearly improbable that the weapon was connected with the offense. § 2D1.1(b)(1), comment. (n.3); United States v. Mitchell, 31 F.3d 271, 277 (5th Cir. 1994). To meet its burden of proof, the Government must provide evidence that the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred. Id. (citation omitted). Under § 2D1.1(b)(1), a sentencing court may hold a defendant accountable for a co-defendant's reasonably foreseeable possession of a firearm during the commission of a drug-trafficking offense. United States v. Thomas, 120 F.3d 564, 574 (5th Cir. 1997). Because firearms are "tools of the trade" in drug conspiracies, one co-conspirator's possession of a firearm will ordinarily be foreseeable to another co-conspirator. United States v. Mergerson, 4 F.3d 337, 350 (5th Cir. 1993).

A review of the record supports the district court's finding that weapons were present where part of the drug transaction took place. Therefore, the district court did not clearly err in applying the § 2D1.1(b)(1) enhancement for firearm possession.

Allen further asserts that the district court erred in calculating his criminal history points. Because this issue is raised for the first time on appeal, it is reviewed for plain error. See United States v. Alford, 142 F.3d 825, 830 (5th Cir.), cert. denied, 525 U.S. 1003 (1998). Under U.S.S.G. § 4A1.2(a)(2) and § 4A1.2(a)(2), comment. (n.3), the district court correctly assigned points for offenses that were unrelated because they took place on three separate occasions. Under § 4A1.2(c)(1), one point

was correctly assigned for a reckless driving conviction where the sentence imposed was a six month term of imprisonment, suspended to one year of probation.  The district court did not err, plainly or otherwise, in calculating Allen's criminal history points.

In light of the foregoing, the judgment of the district court is AFFIRMED.