UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20796
_____

United States of America,

Plaintiff-Appellee,

v.

Filiberto Velasquez-Rojas,
aka Pedro Gonzales, III, aka John Doe,
aka Filiberto Rojas Velazquez,
aka Pedro Gonzales, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
(H-00-CR-255-1)
_____

February 12, 2001

Before REYNALDO G. GARZA, DAVIS, and JONES, Circuit Judges.

PER CURIAM:[*]

Filiberto Velasquez-Rojas plead guilty to one count of making a false statement in an application for a passport in violation of 18 U.S.C. § 1542 and one count of possession of a false identification document with intent to use such document to defraud the United States in violation of 18 U.S.C. § 1028(a)(4). The district court determined a total offense level of 6 for these charges, which corresponded to an imprisonment range of 0 to 6 months. However, the district court decided to depart upward to a total offense level of 10, which corresponded to an imprisonment

_____

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

range of 6 to 12 months. The district court did so on the grounds that the harm done to Pedro Gonzales, III, whose identity Velasquez-Rojas had assumed, would otherwise go unpunished. Accordingly, the district court sentenced Velasquez-Rojas to concurrent sentences of 12 months imprisonment and 3 years supervised release on each count, concurrent fines of $2000 on each count, and a special assessment of $200.

Velasquez-Rojas now appeals his sentence on the grounds that there was no evidence to support the district court's upward departure in this case and that there are no features of this case to remove it from the "heartland" of cases arising under U.S.S.G. § 2L2.2. Because we find that the district court did not abuse its discretion in departing upward in this case, we affirm Velasquez-Rojas' sentence.

We review a district court's decision to depart from the Sentencing Guidelines for an abuse of discretion. Koon v. United States, 518 U.S. 81, 98 (1996). The PSR, the factual findings of which the district court adopted, established that the true Pedro Gonzales, III, whose identity Velasquez-Rojas adopted, was assessed back taxes and penalties by the IRS in 1998 that he did not owe as a result of Velasquez-Rojas using Gonzales' social security number as his taxpayer identification number. Gonzales also had problems claiming unemployment benefits for the same reason. The PSR also established that Velasquez-Rojas bought merchandise on credit he obtained in Gonzales' name, thereby damaging Gonzales' credit

history. Factual findings in a PSR are sufficient to support a district court's factual findings for sentencing purposes. United States v. Alford, 142 F.3d 825, 831 (5th Cir. 1998). Velasquez-Rojas did not object to these findings in the district court and does not establish that they were plainly erroneous now.

Whether a case falls within the "heartland" of cases encompassed by a particular provision of the Sentencing Guidelines is entrusted to the discretion of the district court. Koon, 518 U.S. at 93. When a particular provision of the Sentencing Guidelines does not take into account certain encouraged factors, and when those factors are present in a particular case, then the district court may depart upward at its discretion. Koon, 518 U.S. at 96. § 2L2.2 of the Sentencing Guidelines, which is applicable to this case, does not take into account loss to a person whose identity is assumed by a defendant. Such loss is also an encouraged factor for departure per § 5K2.5 of the Sentencing Guidelines. Neither does § 2L2.2 take into account its subject offense being committed to facilitate another criminal purpose. In this case, Velasquez-Rojas committed these offenses to facilitate his use of Gonzales' social security number, in violation of 42 U.S.C. § 408. § 5K2.9 of the Sentencing Guidelines encourages departure for these reasons.

The district court properly found that Gonzales was harmed by the actions of Velasquez-Rojas. These harms would not otherwise be punished unless the district court departed upward in its sentence.

-3-

Accordingly, the judgment of the district court is AFFIRMED.

AFFIRMED.