**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 00-40515**
**Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**WILLIAM RYANN MARTIN,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Eastern District of Texas**
**(6:99-CR-65-2)**

February 7, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

William Ryann Martin appeals his sentence based upon his guilty plea conviction for possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

Martin contends his sentence, which was enhanced within the statutory range, but which did *not* exceed the statutory maximum, was imposed in violation of *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000). This contention is raised for the first time on appeal. In any event, the contention is without merit. *See United States*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

***v. Meshack***, 225 F.3d 556, 576 (5th Cir. 2000) (***Apprendi*** applies only to cases in which sentence exceeds statutory maximum), *cert. denied*, ___ S. Ct. ___ (2001).

Martin also asserts that the district court erred in determining drug quantity for the purpose of determining his Guidelines' base offense level. In sentencing Martin, the district court relied on information contained in the presentence report (PSR). A district court "may adopt facts contained in the PSR without further inquiry if the facts have an adequate evidentiary basis and the defendant does *not* present rebuttal evidence". ***United States v. Alford***, 142 F.3d 825, 832 (5th Cir.), *cert. denied*, 525 U.S. 1003 (1998) (emphasis added). Martin has *not* presented rebuttal evidence establishing that the information contained in the PSR was materially untrue. The district court's determination of the quantity of drugs attributable to Martin was *not* clearly erroneous. ***Id.***

***AFFIRMED***