IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20961
Summary Calendar
_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

     v.

RICARDO SMALLHORN MURRAY

                    Defendant - Appellant

                 --------------------
        Appeal from the United States District Court
            for the Southern District of Texas
               USDC No. H-01-CR-249-ALL
                 --------------------
                      May 20, 2002

Before KING, Chief Judge, and JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Ricardo Smallhorn Murray was indicted for unauthorized use
of another individual's name and Social Security number with
intent to commit a state felony offense, in violation of 18
U.S.C. §§ 1028(a)(7) & 2.  Murray pleaded guilty and was
sentenced to 78 months' imprisonment.

     On appeal, Murray argues that the district court erred in
accepting his plea because the factual basis did not establish

--------

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that his particular unauthorized use of the identification information "in or affect[] interstate or foreign commerce." Because this objection was not raised below, Murray acknowledges that review is limited to plain error. See United States v. Marek, 238 F.3d 310, 315 (5th Cir.)(en banc), cert. denied, 122 S. Ct. 37 (2001)). The factual summary stated that Murray had used this identification information to submit a loan application to Chase Manhattan Bank and that Murray's employer was engaged in interstate commerce. Based on these facts, the district court did not plainly err in concluding that the jurisdictional element of the statute was satisfied.

Murray also argues that the district court erred in departing upward from the applicable guideline range. Because he failed to object to the departure on the grounds he urges in his appeal, review is limited to plain error. See United States v. Alford, 142 F.3d 825, 830 (5th Cir. 1998). Murray first argues that the district court erred by beginning its upward departure from an incorrect offense level. Where the plain-error standard of review is applicable, this court will uphold a defendant's sentence if, on remand, the district court could reinstate the same sentence by relying on a reasonable application of the sentencing guidelines. Id. Murray was sentenced to 78 months' imprisonment, within what would have been the correct range had the district court's started its departure from the correct offense level.

Murray argues that the district court erred by considering a prior state conviction and sentence as a partial basis for upward departure because that conviction was included in the relevant conduct used to calculate his base offense level. The district court plainly erred under United States v. Cade, in which this court held that "if the district court uses sentences as relevant conduct, the district court cannot use those same sentences as the basis of a criminal history category departure under § 4A1.3(a)." See 279 F.3d 265, 272 (5th Cir. 2002). However, because the upward departure was not based on this single prior sentence, we decline to correct the error because it does not seriously affect the fairness, integrity, or public reputation of judicial proceedings. See Alford, 142 F.3d at 830.

Finally, Murray argues that the upward departure was based in part on prior convictions not included in his criminal history score because of their age, and that these convictions did not involve "similar, or serious dissimilar, criminal conduct," as required by U.S.S.G. § 4A1.2, comment. (n.8). Because this court has never clearly explained what is considered "similar, or serious dissimilar" conduct, the district court could not have plainly erred by considering these prior convictions as such.

Therefore, Murray's conviction and sentence are AFFIRMED.