United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 9, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20410
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DORA H. ROBLEDO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-45-1
---------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Dora H. Robledo appeals the sentence she received following her guilty-plea convictions for conspiracy to defraud the United States and aiding and abetting to defraud the United States by presenting false claims to the Internal Revenue Service. She argues that the district court erred in applying a two-level increase to her sentence pursuant to U.S.S.G. § 3B1.3 for abusing a position of trust.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Robledo argues that the district court erred by classifying her as occupying a position of trust. She asserts that her position as a professional tax-return preparer was not characterized by professional or managerial discretion. The district court rejected this argument, adopting instead the probation officer's presentence report. That report described how Robledo took information entrusted to her by clients and falsified tax returns in any manner she saw fit. It also described how Robledo would give her clients a refund check without the stub attached so that the client had no way of knowing how much Robledo had retained out of the check. Robledo could not have done these things without exercising her professional and managerial discretion.

Robledo has offered no evidence to rebut the findings contained in the presentence report. Thus, she has failed to show that the district court clearly erred in applying the two-level enhancement. See United States v. Alford, 142 F.3d 825, 831-32 (5th Cir. 1998); United States v. Brown, 941 F.2d 1300, 1304 (5th Cir. 1991); U.S.S.G. § 3B1.3, comment. (n.1).

AFFIRMED.