United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 3, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30796
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ROMERO-RAMIREZ,
also known as Juan Ramirez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 03-CR-23-ALL
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Juan Romero-Ramirez (Romero) appeals his sentence for one count of illegal reentry into the United States by a removed alien, a violation of 8 U.S.C. § 1326. Romero argues that the district court should have permitted him to collaterally attack his prior state court conviction at the federal sentencing hearing because that prior conviction is void. Romero further argues that the district erred in using the conviction to compute

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his criminal history category under U.S.S.G. § 4A1.1(c).  Romero also argues that the district court erred in upwardly departing because it did not adequately explain the reasons for the departure nor explain why the sentence it settled upon was appropriate.

The district court did not err in prohibiting Romero from collaterally attacking his state court conviction because a defendant has no right to bring such a challenge at sentencing, with the sole exception of a conviction obtained in violation of the right to counsel.  See Daniels v. United States, 532 U.S. 374, 382 (2001); Custis v. United States, 511 U.S. 485, 496-97 (1994).  Therefore, the district court did not err in using the conviction to compute Romero's criminal history category under U.S.S.G. § 4A1.1(c).

Because Romero failed to object to the district court's upward departure, the issue is reviewed for plain error.  See United States v. Alford, 142 F.3d 825, 830 (5th Cir. 1998).  The district court determined that the departure was warranted because Romero's history of repeated reentries and violent crimes was not adequately taken into account by the Guidelines.  The court concluded that the departure adequately reflected the seriousness of Romero's prior criminal conduct and would serve to deter Romero in the future.  The district court's reasons were acceptable and adequately explained.  See United States v. Hawkins, 87 F.3d 722, 728 (5th Cir. 1996).

AFFIRMED.