United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 6, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-20217
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LORENZO SARINAS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-264-2
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Lorenzo Sarinas appeals the sentence imposed following his guilty plea convictions for conspiracy to commit passport fraud; delivery and misuse of a passport, aiding and abetting; and failure to appear, aiding and abetting. He argues that (1) the district court clearly erred in enhancing his sentence for obstruction of justice pursuant to U.S.S.G. § 3C1.1 (2003); (2) the district court clearly erred in enhancing his sentence for an aggravating role pursuant to U.S.S.G. § 3B1.1(c) (2003);

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(3) the district court erred in upwardly departing; and, for the first time on appeal, (4) his sentence was violative of <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004).

We hold that the record supports the district court's findings that (1) Sarinas obstructed justice when he unlawfully influenced Alan August by asking August to lie to law enforcement regarding August's acquisition of the passports at issue and (2) Sarinas played a supervisory role in the offense based on, inter alia, his recruitment of August and his (Sarinas's) degree of participation in the offense. <u>See</u> U.S.S.G. §§ 3C1.1, comment, (n.4(a)), 3B1.1(c); <u>United States v. Fullwood</u>, 342 F.3d 409, 415 (5th Cir. 2003), <u>cert. denied</u>, 540 U.S. 1111 (2004). Therefore, the district court did not clearly err in enhancing his sentence pursuant to U.S.S.G. §§ 3C1.1 or 3B1.1(c), respectively. <u>See</u> <u>United States v. Villanueva</u>, No. 03-20812, 2005 WL 958221, at *8 n.9 (5th Cir. Apr. 27, 2005).

For the first time on appeal, Sarinas argues that the district court's decision to upwardly departure pursuant to application note three of U.S.S.G. § 2L2.1 is insupportable because the false passports at issue were not used to commit an "especially serious" felony offense. Review is therefore for plain error only. <u>See</u> <u>United States v. Alford</u>, 142 F.3d 825, 830 (5th Cir. 1998). We hold that the district court did not plainly err in finding that the felony offense of aiding in the international flight of an individual charged with murder-for-

hire was "especially serious" and, therefore, justification for its decision to depart. As this basis is, standing alone, sufficient to support the departure, we do not reach the propriety of the district court's alternative bases in support thereof.

Finally, the record indicates that Sarinas admitted under oath at his rearraignment the facts used to support the obstruction of justice and aggravating role enhancements. Therefore, these enhancements did not implicate the Sixth Amendment. See United States v. Booker, 125 S. Ct. 738, 752, 755-56 (2005); Blakely, 124 S. Ct. at 2537. With regard to his upward departure, Sarinas cannot show that the district court would have reached a significantly different result had he been sentenced under an advisory Guidelines regime because the decision to upwardly depart was within the district court's discretion; therefore, he cannot show plain error. See United States v. Mares, 402 F.3d 511, 521 (5th Cir.), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005); U.S.S.G. § 2L2.1, comment. (n.3).

AFFIRMED.