# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-50032
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAFAEL CHAVEZ-PENA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1855-4

Before KING, WIENER, and ELROD Circuit Judges.

PER CURIAM:[*]

Rafael Chavez-Pena (Chavez) appeals his 18-month sentence imposed following his guilty plea conviction for conspiracy to transport and harbor undocumented aliens for financial gain, in violation of 8 U.S.C. § 1324. Chavez argues that the district court erred by applying a six-level enhancement to his sentence pursuant to U.S.S.G. § 2L1.1(b)(2) because the evidence did not support a finding that his offense involved 27 undocumented aliens. He argues that the evidence did not clearly demonstrate how many aliens he was to transport into

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the United States and that he did not have the opportunity to transport any aliens. He also contends that, in light of the presence of other guides who had been involved in the conspiracy longer than he, it was unlikely that he would have transported all 27 aliens. He asserts that he was due only a three-level enhancement and that his resulting sentencing guidelines range should have been 10 to 16 months.

The presentence report (PSR) reflects that 27 undocumented aliens were harbored inside a residence while awaiting further transportation into the interior of the United States. Chavez admitted that he was hired to act as a guide for the alien-smuggling operation for the fee of $50 for each alien transported. Nothing in the record contradicts the accuracy of the facts set forth in the PSR, and Chavez did not present any evidence to rebut those facts. Thus, the district court was entitled to rely on such facts. See United States v. Alford, 142 F.3d 825, 831-32 (5th Cir. 1998).

Although Chavez argues that he did not have the opportunity to transport any aliens and that it was unlikely that he would have transported all 27 aliens in light of the presence of other guides, Chavez's conviction was not for harboring and transporting aliens under § 1324, but for conspiring to do so. Thus, Chavez's relevant conduct under the Guidelines includes the reasonably foreseeable conduct of his coconspirators in harboring all 27 aliens inside the residence for purposes of moving them further into the United States. See U.S.S.G. § 1B1.3(a)(1)(A), (B).

The district court's determination that Chavez's offense involved 27 aliens is plausible in light of the record as a whole. See United States v. Villanueva, 408 F.3d 193, 203 (5th Cir. 2005). Chavez's sentence is AFFIRMED.