# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 29, 2008

Charles R. Fulbruge III
Clerk

No. 08-50273
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHARLES EDWARD JOHNSON

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-97-ALL

Before WIENER, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Charles Edward Johnson was convicted following a jury trial for possession with intent to distribute at least five grams of crack cocaine within 1000 feet of a public elementary school and was sentenced to a 365-month term of imprisonment. Johnson has appealed his sentence, contending that the district court clearly erred in calculating the drug quantity applicable for sentencing and in imposing a two-level enhancement for an aggravating role in the offense pursuant to U.S.S.G. § 3B1.1(c).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The appellant argues that the district court "double counted" in calculating the drug quantity for sentencing purposes and that the court should not have used the presentence report's estimated weight of .2 grams per rock of crack cocaine. The district court may adopt the factual findings in the presentence report if those findings bear sufficient indicia of reliability to support their probable accuracy. United States v. Valdez, 453 F.3d 252, 262 (5th Cir. 2006). It may extrapolate the drug quantity attributable to the defendant from relevant and sufficiently reliable evidence. Id. at 267. Johnson presented no evidence rebutting the probation officer's findings. See United States v. Alford, 142 F.3d 825, 832 (5th Cir. 1998). The district court's drug-quantity finding was not clearly erroneous because it is plausible in light of the record as a whole. See United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008).

In challenging the imposition of the two-level enhancement under § 3B1.1(c) for an aggravating role, Johnson argues that the evidence reflects that he was a mere supplier of drugs and that the evidence does not suggest that he supervised, managed, or organized the sale of drugs. A defendant qualifies for an adjustment under § 3B1.1(c) if he was the "organizer, leader, manager, or supervisor of at least one other participant." United States v. Lewis, 476 F.3d 369, 390 (5th Cir. 2007); see § 3B1.1, comment. (n.2). This court reviews the district court's factual finding that the defendant was an organizer, leader, manager, or supervisor under § 3B1.1(c) for clear error. United States v. Gonzales, 436 F.3d 560, 584 (5th Cir. 2006).

The record reflects that Arthur Jones sold crack cocaine for Johnson, Johnson provided the location for the drug sales, and Johnson received all of the proceeds from Jones's drug sales. The district court's finding that Johnson occupied an aggravating role is plausible in light of the record as a whole and is not clearly erroneous. See United States v. Parker, 133 F.3d 322, 330 (5th Cir. 1998).

Johnson has not shown that the district court abused its discretion in imposing the sentence. See Gall v. United States, 128 S. Ct. 586, 596-97 (2007). The judgment is AFFIRMED.