# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 9, 2010

No. 09-50540
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL RIOS MELENDEZ, also known as Daniel Rio Melendez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-5-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Daniel Rios Melendez pleaded guilty to one count of possession with intent to distribute heroin and was sentenced to 92 months in prison. He challenges the district court's finding that he was responsible for 117.04 grams of heroin. According to the presentence report, police began investigating Melendez for heroin trafficking in Midland, Texas. They learned that he made numerous trips to Presidio, Texas, and returned with one or two ounces of heroin that he distributed in Midland. Border patrol agents confirmed that Melendez often

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

crossed the border at Presidio into Mexico and back into the United States between February and December 2008. Police subsequently apprehended Melendez returning to Midland from Presidio with 6.16 grams of heroin. Melendez admitted traveling to Mexico 19 times during the approximately one-year period to obtain heroin for resale in the United States. He also admitted that he was apprehended carrying approximately eight grams of heroin.

The drug quantity for which the defendant is responsible is a factual finding that is reviewed for clear error. *United States v. Burns*, 526 F.3d 852, 859 (5th Cir. 2008); *United States v. Posada-Rios*, 158 F.3d 832, 878 (5th Cir. 1998). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *United States v. Williams*, 520 F.3d 414, 422 (5th Cir.), *cert. denied*, 129 S. Ct. 111 (2008). The district court may rely upon the information in the presentence report, and the defendant bears the burden of demonstrating that the information in the presentence report is materially untrue. *United States v. Alford*, 142 F.3d 825, 831-32 (5th Cir. 1998).

Melendez asserts that his first 18 trips to Mexico were not relevant conduct because there was no evidence that he actually obtained heroin or took substantial steps toward obtaining the drug during those trips. He ignores the evidence in the presentence report that indicates that he often returned to Midland from Presidio with one to two ounces (28 to 56 grams) of heroin, and he fails to demonstrate that the evidence is materially untrue. *Alford*, 142 F.3d at 831-32. The district court's conservative finding that Melendez possessed 6.16 grams of heroin on each of the 19 trips for a total of 117.04 grams is plausible in light of the record as a whole which includes his own admissions in the factual basis.[1] *See Williams*, 520 F.3d at 422.     AFFIRMED.

---

[1] In the Factual Basis, Melendez admitted to the following: "Defendant further admitted that he had been making trips once-per-month to Ojinaga, Mexico to obtain heroin. Border crossing records confirm that Defendant had crossed the border approximately nineteen times between February 2008 and the date of his arrest in January 2009. The purpose of the trips to Mexico was to obtain heroin for distribution back in the United States."