# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2010

Charles R. Fulbruge III
Clerk

No. 09-20309
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR RAMIRO-SOLIS, also known as Ramiro,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-243-2

Before JOLLY, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Following his guilty plea to conspiring to possess with intent to distribute five kilograms or more of cocaine, Victor Ramiro-Solis was sentenced, *inter alia*, to 129 months' imprisonment. He asserts the Government breached his plea agreement by using information obtained from him in his post-plea debriefing in determining the applicable drug quantity for sentencing purposes. "This court reviews a claim of breach of a plea agreement *de novo*, accepting the district court's factual findings unless clearly erroneous." *United States v. Lewis*, 476

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 369, 387 (5th Cir. 2007) (citing *United States v. Davis*, 393 F.3d 540, 546 (5th Cir. 2004)).

At sentencing, the Government stated that, at debriefing, *after* entering the plea agreement, Ramiro admitted to the relevant drug quantity. Ramiro contends this constitutes a breach of his plea agreement because the Government's proffer letter provided that self-incriminating information provided by Ramiro during debriefing would not be used against him. The provision in issue requires the Government to comply with Sentencing Guideline § 1B1.8(b) ("Use of Certain Information"), under which information known to the Government prior to entering the plea agreement may be used to determine the applicable advisory guidelines sentencing range.

The district court found that, through drug ledgers seized during the investigation (and described in the presentence investigation report), the Government knew of the drug quantity prior to Ramiro's debriefing. Further, the district court stated that it relied solely on these ledgers in determining the relevant drug quantity. Ramiro failed to rebut the reliability of the ledgers. *See United States v. Betancourt*, 422 F.3d 240, 248 (5th Cir. 2005) ("The defendant bears the burden of showing that the information in the [presentence investigation report] relied on by the district court is materially untrue." (quoting *United States v. Alford*, 142 F.3d 825, 832 (5th Cir. 1998))). The district court's finding that the Government knew the relevant quantity before entering the plea agreement is not clearly erroneous. Therefore, there was no breach of that agreement.

AFFIRMED.