# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2020

Lyle W. Cayce
Clerk

No. 19-50218
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUBEN ARNOLD MONDRAGON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-257-8

Before OWEN, Chief Judge, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Ruben Arnold Mondragon appeals his sentence for conspiracy to possess with intent to distribute methamphetamine. We review a district court's interpretation or application of the Sentencing Guidelines de novo, and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "The district court's calculation of the quantity of drugs involved in an offense is a factual determination" that is "entitled to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50218

considerable deference and will be reversed only if [it is] clearly erroneous." *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (quoting *United States v. Alford*, 142 F.3d 825, 831-32 (5th Cir. 1998). "Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." U.S. SENTENCING GUIDELINES MANUAL § 2D1.1 cmt. n.5 (U.S. SENTENCING COMM'N 2018). The sentencing court "may extrapolate the quantity [of drugs] from any information that has sufficient indicia of reliability to support its probable accuracy[,]" and the court "may consider estimates of the quantity of drugs for sentencing purposes." *United States v. Dinh*, 920 F.3d 307, 313 (5th Cir. 2019) (alterations in original) (quoting *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006). Although Mondragon contends, as he did in the district court, that the district court erroneously approximated the purity of the drugs involved in the offense, the finding that Mondragon purchased between 500 grams and 1.5 kilograms of either "Ice" or "actual" methamphetamine was plausible in light of the record as a whole. *See* U.S.S.G. § 2D1.1(c)(3); § 2D1.1(c), Note B & C; *Dinh*, 920 F.3d at 313; *see also United States v. Rodriguez*, 666 F.3d 944, 947 (5th Cir. 2012).

AFFIRMED.