# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50355
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEONARD BORDEN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-54-5

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Leonard Borden pleaded guilty to distribution of heroin and conspiracy to possess heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and § 846, and was sentenced to 235 months of imprisonment. He appeals, challenging the district court's drug quantity determination and the resulting base offense level calculation.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50355

"The district court's calculation of the quantity of drugs involved in an offense is a factual determination" that is "entitled to considerable deference and will be reversed only if [it is] clearly erroneous." *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotation marks and citation omitted). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *Id.* (internal quotation marks and citations omitted). For sentencing purposes, the district court may consider estimates of drug quantity and "may extrapolate the quantity from any information that has sufficient indicia of reliability to support its probable accuracy." *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006) (internal quotation marks and citation omitted).

In this case, the district court relied on the presentence report (PSR) and testimony from a narcotics investigator and from a co-conspirator whom Borden supplied with heroin. The district court's apparent conclusion that the co-conspirator testified credibly is entitled to deference. *See United States v. Kearby*, 943 F.3d 969, 975 (5th Cir. 2019). Further, statements by a co-conspirator may be sufficiently reliable, *see United States v. Zuniga*, 720 F.3d 587, 591–92 (5th Cir. 2013), even if the co-conspirator hopes for leniency, *see, e.g., United States v. Bermea*, 30 F.3d 1539, 1552 (5th Cir. 1994) (concluding that a jury verdict may be based on testimony of interested codefendant). Moreover, a district court can base drug quantity on a co-conspirator's statements even if quantity estimates are uncertain. *United States v. Alford*, 142 F.3d 825, 832 (5th Cir. 1998).

Borden did not meet his burden of presenting evidence to show that the facts in the PSR are "inaccurate or materially untrue." *United States v. Cervantes*, 706 F.3d 603, 620–21 (5th Cir. 2013) (internal quotation marks and

citations omitted).  The district court's factual findings on drug quantity were plausible in light of the record as a whole.  *See Betancourt*, 422 F.3d at 246.

Accordingly, the judgment of the district court is AFFIRMED.