**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 02-10479**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**NORMAN Q. SEID,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(4:01-CR-190-1)**

_____

December 30, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Norman Q. Seid appeals his sentence following his guilty plea conviction to subscribing to a false income tax return. Seid claims the district court erred in departing upward from the sentencing guideline fine range because: 1) the departure was based on conduct unrelated to the offense of conviction; and 2) this "uncharged conduct" was previously accounted for when calculating the applicable sentencing guideline range.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Seid's arguments are raised for the first time on appeal, we review only for plain error. *E.g.,* **United States v. Alford**, 142 F.3d 825, 830 (5th Cir.), *cert. denied* 525 U.S. 1003 (1998). Under FED. R. CRIM. P. 52(b), forfeited errors may be corrected only when there is a clear or obvious error that affects defendant's substantial rights. *E.g.,* **United States v. Calverley**, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), *cert. denied* 513 U.S. 1196 (1995) (citing **United States v. Olano**, 507 U.S. 725, 731-37 (1993)). Even then, in our discretion, such errors are corrected only if they "seriously affect the fairness, integrity, or public reputation of judicial proceedings". 37 F.3d at 164 (internal citations omitted).

Even assuming *arguendo* there was error, it was *not* clear or obvious. In short, Seid fails to satisfy the very strict standard of review applicable to the issue he failed to preserve in district court.

*AFFIRMED*

2