IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10712
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

DAVID ANTOINE JOHNSON

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CR-185-A-1
--------------------
March 12, 2003

Before KING, Chief Judge, and DeMOSS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

David Antoine Johnson appeals his sentence following his
guilty plea to two counts of brandishing a firearm during a bank
robbery. Johnson raises two issues on appeal: (1) the district
court erred in departing upward from the guidelines range of
sentences for his crimes; and (2) the stacking of his sentences
to run consecutively constitutes a violation of the Eighth
Amendment's prohibition on cruel and unusual punishment.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Johnson first argues that the district court erred in failing to comply with 18 U.S.C. § 3553(c) in explaining its reasons for upwardly departing, abused its discretion in upwardly departing, and improperly considered dismissed counts in assessing the sentence.  Because Johnson failed to object to the upward departure below, review is limited to plain error.  See United States v. Alford, 142 F.3d 825, 830 (5th Cir. 1998) (noting that this court can reverse under a plain error standard of review only upon a finding that the district court committed a plain error and that the error affected the defendant's substantial rights).

Johnson stipulated that he committed the counts that were dismissed, and the district court found by a preponderance of the evidence that Johnson did commit those offenses.  The district court concluded that the guidelines did not adequately take into account either the total offense conduct or the carjacking Johnson committed after one of the robberies.  The district court also found that the guidelines did not adequately take into account the impact of the crimes on the victims or the ongoing problems the victims suffered.

In sentencing Johnson, the district court explained the mandatory sentences Johnson faced for the offenses to which he pleaded guilty.  The district court also explained what the additional consecutive sentence would have been had he been convicted of all of the counts charged.  As Johnson concedes, the

guidelines allow consideration of dismissed counts as relevant conduct. See U.S.S.G. § 5K2.21. Johnson has not shown that the decision to depart upwardly was plain error or that the district court failed to explain its reasons for departing upwardly or that the district court could not consider the dismissed counts in sentencing him.

Johnson also argues that the district court's stacking of his sentences was an unconstitutionally excessive punishment because it made no measurable contribution to acceptable goals of punishment and was grossly out of proportion to the crime's severity. This court looks to Rummel v. Estelle, 445 U.S. 263 (1980), to determine whether a sentence is grossly disproportionate. United States v. Gonzales, 121 F.3d 928, 943 (5th Cir. 1997) (noting that Rummel is a "litmus test" for determining whether a sentence is grossly disproportionate). In Rummel, the Court rejected an Eighth Amendment challenge to a sentence of life imprisonment following a conviction under a 'recidivist statute' for obtaining $120 by false pretenses. Rummel, 445 U.S. at 285.

Using Rummel as the benchmark, Johnson's sentence is not grossly disproportionate to his offense. Robbery of a bank while brandishing a gun is a crime of violence. United States v. Thames, 214 F.3d 608, 614-15 (5th Cir. 2000). As such, the crime warrants severe penalties. See Gonzales, 121 F.3d at 944. Johnson had a record indicating recidivist tendencies. Johnson

faced a potential sentence of 711 months had the plea agreement been rejected and had he been sentenced on all counts in which he was named. Moreover, the district court found that even a sentence for all of the conduct charged in the superceding indictment would not account adequately for the harm to the victims. Therefore, under the standard set by Rummel, Johnson's sentence does not offend the Eighth Amendment.

The district court's judgment is AFFIRMED.