United States Court of Appeals
Fifth Circuit

**F I L E D**

March 14, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

03-20660

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

VERSUS

JUAN A. TREVINO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
No. H-02-CR-36-4

Before JOLLY, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[1]

Juan A. Trevino challenges his sentence imposed following his guilty plea to possession with intent to distribute marijuana. Specifically, he challenges the district court's findings as to the drug quantity that was used to enhance his sentence. He argues that the key witness the government used to establish drug quantity was unreliable. The district court judge did not hear testimony from the informant after the government opposed the drug quantity and argued that the informant was not credible.

In an unpublished opinion, this court has dealt with this issue in the appeal of three

_____

[1] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

of Trevino's co-defendants.  See United States v. Jesus Lorenzo Ayala, Manuel Lorenzo Garcia and Armando Perez, No. 03-20562 (5th Cir. August 13, 2004).  In that case, three of Trevino's co-defendants objected to the district court's finding of drug quantity on the identical ground raised by Trevino.  The panel made it clear that the district court was not bound by the United States' concession regarding drug quantity.  However, it concluded that the district court committed clear error by basing its findings on drug quantity on statements of an informant identified by the government as unreliable without hearing the informant's testimony.  As the government concedes, there is no principled basis to reach a different result in this identical case.[2]

We therefore vacate Trevino's sentence and remand his case for resentencing and to give the district court an opportunity to determine the credibility of the government informant after hearing his testimony.  The district court may sentence Trevino either on the quantity of drugs seized or hear the informant's testimony and sentence Trevino based on the court's evaluation of his credibility with respect to drug quantities in addition to the drugs seized.

VACATED and REMANDED.

---

[2] Although Trevino signed a plea agreement containing a waiver of this right to appeal, we need not enforce a waiver of appeal when the government does not ask us to do so.  United States v. Rhodes, 253 F.3d 800, 804 (5th Cir. 2001).  Trevino also argues that his plea agreement should be vacated on the basis of Rule 11 violations by the district court and ineffective assistance of counsel.  Given our disposition of this case, we need not address those issues.