United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-21121
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO AGUIRRE,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CR-36-2
---------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Eduardo Aguirre appeals from his sentence following his guilty-plea conviction of aiding and abetting to possess with intent to distribute 100 kilograms or more of marijuana. Aguirre argues that, under United States v. Booker, 125 S. Ct. 738 (2005), the district court clearly erred in increasing his sentence by finding by a preponderance of the evidence that he was responsible for an amount of marijuana beyond the 461 kilograms for which Aguirre admitted responsibility.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

It is not necessary to consider Aguirre's <u>Booker</u> argument because, as the Government argues, Aguirre's sentence should be vacated and the matter remanded for resentencing based on our holdings in four of Aguirre's co-indictees' appeals that the district court clearly erred in basing its findings of drug quantity on the statements of an informant who the Government had identified as unreliable.  <u>See</u> <u>United States v. Ayala</u>, 107 Fed. Appx. 410 (5th Cir. 2004)(unpublished); <u>United States v. Trevino</u>, 125 Fed. Appx. 549 (5th Cir. 2005)(unpublished).  There is no reason to reach a different result in Aguirre's case, and Aguirre's sentence is VACATED and the matter REMANDED remand for further proceedings consistent with this opinion.  Because we have vacated Aguirre's sentence, we do not consider Aguirre's arguments pertaining to the denial of a reduction in his offense level for acceptance of responsibility or that his sentence should be reversed because the Government breached its plea agreement.  We GRANT the appellee's unopposed motion to seal the appellee's brief.

SENTENCE VACATED AND THE MATTER REMANDED; MOTION TO SEAL APPELLEE'S BRIEF GRANTED.