IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 23, 2008

Charles R. Fulbruge III
Clerk

No. 05-20599

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN A. TREVINO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CR-36-4

Before JONES, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan A. Trevino appeals the 210-month sentence imposed following his resentencing for possession with intent to distribute marijuana.

The Government argues that the appeal waiver Trevino signed as a part of his plea agreement bars this appeal. During Trevino's first appeal, this court held that the Government forfeited its ability to invoke Trevino's appeal waiver by not asking this court to enforce it. See United States v. Trevino, 125 F. App'x

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

549, 550 n. 2 (5th Cir. 2005) (unpublished).  This determination is the law of the case.  Accordingly, Trevino's appeal waiver does not bar this appeal.

Trevino argues that the district court erred in calculating the quantity of drugs it attributed to him for sentencing purposes.  Estimates of the amount of drugs in controversy are fact questions, which this court reviews for clear error. United States v. Alford, 142 F.3d 825, 831 (5th Cir. 1998).  In this case, officers seized 461 kilograms of marijuana from Trevino's property, but the district court held Trevino responsible for an additional 3,846 kilograms of marijuana based on the testimony of a confidential informant.  After carefully reviewing the record and considering oral arguments from both parties, we hold that the district court did not clearly err in assessing the confidential informant's credibility or in using the extrapolation method to calculate the drug quantity it attributed to Trevino.

We also reject Trevino's contention that his sentence violates United States v. Booker, 543 U.S. 220 (2005) because it was based upon facts neither proved to a jury nor admitted by him.  As this court has repeatedly held, Booker does not prevent a sentencing judge from finding all facts relevant to sentencing.  See, e.g., United States v. Alonzo, 435 F.3d 551, 553 (5th Cir 2006).

For these reasons, Trevino's sentence is AFFIRMED.