**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 3, 2009

Charles R. Fulbruge III
Clerk

No. 09-10017
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEVIN KENO DAVIS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-119-6

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kevin Keno Davis appeals his 188-month sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute more than 50 kilograms of marijuana. Davis argues that the district court clearly erred in determining the amount of drugs attributed to him for sentencing purposes. He contends that the district court relied on evidence that was not sufficiently reliable and that its factual determination was not plausible in light of the record as a whole.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's determination of drug quantity is a factual finding reviewable for clear error, meaning the finding must be plausible in light of the record as a whole. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). A district court may determine drug amounts for sentencing purposes provided the finding is based on reliable evidence, such as the presentence report (PSR) and information provided by codefendants and other witnesses. *See United States v. Alford*, 142 F.3d 825, 832 (5th Cir. 1998); *United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir. 1996). The defendant bears the burden of presenting rebuttal evidence to demonstrate that the information relied upon by the district court is inaccurate or materially untrue. *See United States v. Washington*, 480 F.3d 309, 320 (5th Cir. 2007).

Based on the evidence presented at the sentencing hearing and the information in the presentence report (PSR) relied on by the district court, there was sufficient reliable evidence to support the district court's determination that Davis was involved with at least 1270 kilograms (100 pounds per month for 28 months) of marijuana during the course of the conspiracy. The hearing testimony of Jesus Silva and Chunyi Zhang was inconsistent with each others with respect to the amount of marijuana supplied by Davis and with respect to their earlier representations to law enforcement authorities. Their testimony was also disputed by the testimony of Special Agent George Lizarraga and an unindicted coconspirator and by the information in the PSR that was adopted by the district court. Further, the district court rejected as incredible Davis's assertion that he supplied only 270 kilograms of marijuana, which finding is entitled to deference. *See United States v. Sotelo*, 97 F.3d 782, 799 (5th Cir. 1996).

Davis has not provided rebuttal evidence showing that the testimony of coconspirator Charles Jennings and Agent Lizarraga, or the findings in the PSR adopted by the district court were inaccurate or materially untrue. *Washington*, 480 F.3d at 320. The district court's determination that Davis supplied at least

1270 kilograms of marijuana during the 28-month conspiracy was plausible in light of the record on the whole. Thus, the district court did not clearly err in making that determination.

Davis has filed several motions seeking reconsideration of his motion for appointment of counsel. He asserts that he has a conflict of interest with his appointed counsel because counsel will not argue a claim of ineffective assistance of counsel on direct appeal.

This "court may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings." 18 U.S.C. § 3006A(c). Counsel previously appointed may be relieved upon a showing "that there is a conflict of interest or other most pressing circumstances or that the interests of justice otherwise require relief of counsel." Fifth Circuit Plan under the Criminal Justice Act, 5(B). The court has already determined that Davis has not made this showing.

Further, the "general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Gulley*, 526 F.3d 809, 821 (5th Cir.), *cert. denied*, 129 S. Ct. 159 (2008). Davis did not make or develop this claim of ineffective assistance at the time of his trial. Thus, counsel's failure to raise a claim of ineffective assistance of counsel on direct appeal did not create a conflict of interest because Davis's legal position was not prejudiced by counsel's failure to do so. Davis's motions for reconsideration of the denial of his motion for appointment of counsel are denied.

AFFIRMED; MOTIONS DENIED.