# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2010

Charles R. Fulbruge III
Clerk

No. 09-10629
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IVAN MUNOZ-FAVELA,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-5-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ivan Munoz-Favela was convicted of illegal reentry. *See* 8 U.S.C. § 1326. He appeals the sentence resulting from an upward departure pursuant to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 4A1.3. He argues that the district court erred procedurally in failing to consider each intermediate step as it moved up the various offense levels within category VI. Our review of Munoz's procedural challenge is for plain error. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009); FED. R. CRIM. P. 51(b).

In *United States v. Lambert*, 984 F.2d 658, 663 (5th Cir. 1993) (en banc), this court stated, "Ordinarily the district court's reasons for rejecting intermediate categories will clearly be implicit, if not explicit, in the court's explanation for its departure from the category calculated under the guidelines and its explanation for the category it has chosen as appropriate." That is the case here: The court plainly set forth the reasons for its upward departure, thereby implicitly rejecting intermediate offense levels. *See, e.g., United States v. Zuniga-Peralta*, 442 F.3d 345, 348 n.2 (5th Cir. 2006). Thus, Munoz has not shown error, plain or otherwise, as to the procedural soundness of his sentence. *See Alford*, 142 F.3d at 830-31.

Munoz contends further that the district court justified its upward departure on an impermissible basis in that, although none of his prior convictions qualified as aggravated felonies, the court considered them as such because the violent conduct underlying those convictions resembled felonies. This claim amounts to speculation as to the motives for imposing an upward departure. Moreover, the argument is contradicted by the record. The court plainly stated that the prior offenses "did not rise to the level of aggravated felonies." Because the court did not classify Munoz's prior violent offenses as "aggravated felonies" or "crimes of violence," the categorical approach had no application in the sentencing proceedings. *See, e.g., United States v. Ellis*, 564 F.3d 370, 371-72 (5th Cir.), *cert. denied*, 130 S. Ct. 371 (2009).

AFFIRMED.