# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 22, 2012

No. 11-41094
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUDY RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-1128-3

Before DENNIS, CLEMENT, and OWEN, Circuit Judges

PER CURIAM:[*]

Rudy Rodriguez pleaded guilty pursuant to a written plea agreement to conspiracy to commit murder in aid of a racketeering activity (Count One of seven-count second superseding indictment), and conspiracy to possess with intent to distribute more than 500 grams of methamphetamine (Count Five of second superseding indictment), in violation of 21 U.S.C.§§ 841(a)(1), (b)(1)(A), 846.  The district court imposed concurrent sentences of 120 months for Count

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

One and 324 months for Count Five, for a total of 324 months of imprisonment.

All of the issues raised by Rodriguez on appeal pertain solely to the 324-month, within-guidelines sentence that was imposed for the drug offense. Rodriguez argues that the district court erred in determining the quantity of methamphetamine attributable to him, that the district court erred in applying a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(3), based on the finding in the presentence report (PSR) that the object of the offense was the distribution of a controlled substance in a prison, and that the district court erred in applying a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(4), for importing methamphetamine, because he also received a downward adjustment for his mitigating role in the offense under U.S.S.G. § 3B1.2.

We review the district court's interpretation or application of the Guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). A district court's calculation of the quantity of drugs involved in an offense is a factual finding that is entitled to considerable deference and will be reversed only if clearly erroneous. *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *Id.*

The base offense level for violating § 841(a)(1) is determined by the quantity of drugs involved. *See* U.S.S.G. § 2D1.1. The district court may consider drug quantities not specified in the count of conviction if they are part of the defendant's relevant conduct. § 2D1.1, comment. (n.12); *United States v. Burke*, 431 F.3d 883, 888 (5th Cir. 2005). In this case, the district court determined that Rodriguez was responsible for 5.21 kilograms of methamphetamine.

In making that determination, the district court relied on credible evidence: the PSR and wire-tap conversations between Rodriguez and another

gang member regarding the purchase and distribution of methamphetamine. *See Betancourt*, 422 F.3d at 246; *United States v. Alford*, 142 F.3d 825, 831-32 (5th Cir.1998). Rodriguez failed to demonstrate that the information relied upon by the district court was materially untrue. *See Bentancourt*, 422 F.3d at 246; *Alford*, 142 F.3d at 832. Even if the evidence could be construed in a way that is be more favorable to Rodriguez, we will not reverse the district court's decision simply because we could have weighed the evidence differently. *See United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996). The district court's determination of the drug quantity attributable to Rodriguez is plausible in light of the record as a whole. *See Betancourt*, 422 F.3d at 246.

As for Rodriguez's argument that the evidence was insufficient to support an enhancement under § 2D1.1(b)(3), the district court was permitted to draw reasonable inferences from the facts presented, and Rodriguez failed to show that the inferences were clearly erroneous. *See United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).

We agree, however, that the district court erred in imposing an enhancement pursuant to § 2D1.1(b)(4), given that Rodriguez also received a downward adjustment under § 3B1.2. Rodriguez acknowledges that because he did not object to the application of the enhancement under § 2D1.1(b)(4) on this ground in the district court, review is for plain error. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 361 (5th Cir. 2009).

Section 2D1.1(b)(4) provides, in relevant part, that a defendant's base offense level is increased by two levels, "If (A) the offense involved the importation of . . . methamphetamine . . . , and (B) the defendant is not subject to an adjustment under § 3B1.2 (Mitigating Role)." Because Rodriguez received an adjustment under § 3B1.2, the application of the enhancement under § 2D1.1(b)(4) was — as both parties assert — clear error.

Without the error, Rodriguez's guidelines sentencing range is 262 to 327 months of imprisonment. Although his 324-month sentence falls within that

range, it is 62 months higher than the minimum sentence available under the correct guidelines sentencing range.  Given that the district court accepted the Government's recommendation that Rodriguez be sentenced at the bottom of the guidelines range, there is "a reasonable probability that, but for the district court's error, [Rodriguez] would have received a lower sentence." *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).  The district court's application of the § 2D1.1(b)(4) enhancement is clear error that affects Rodriguez's substantial rights and seriously affects the fairness and integrity of judicial proceedings. *See Puckett v. United States*, 566 U.S. 129, 135, 142 (2009).

Accordingly, we VACATE the 324-month sentence imposed for Count Five and REMAND for resentencing in accordance with this opinion.  In all other respects, the judgment of the district court is AFFIRMED.