# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 29, 2013

Lyle W. Cayce
Clerk

No. 12-10584
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALEXANDER JAMES BAKER, also known as Alex,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-193-4

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Alexander James Baker appeals the district court's imposing a 128-month imprisonment sentence following his guilty-plea conviction of conspiracy to possess with intent to distribute a controlled substance. Baker contends the district court erred: procedurally, by determining drug quantity based upon unreliable evidence and improper use of the multiplier method; and substantively, by sentencing him unreasonably based upon an estimated drug quantity not supported by reliable evidence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48-51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Although drug quantity was not specified in Baker's indictment, "quantities of drugs not specified in the count of conviction may be considered in determining the [advisory Guidelines] offense level". U.S.S.G. § 2D1.1 cmt. n.12 (2011). "Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." *Id.* When estimating drug quantity, the court "may extrapolate the quantity from any information that has sufficient indicia of reliability to support its probable accuracy". *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006) (internal quotation marks omitted). Estimates need not be precise. *E.g.*, *United States v. Alford*, 142 F.3d 825, 831-32 (5th Cir. 1998) (reliance on imprecise testimony of drug amounts for total amount-calculation not clear error).

Considering the various drug-quantity estimates set forth by the parties and the record as a whole, the court's determining Baker was responsible for at least 500 grams of methamphetamine, resulting in a 32-level base offense, is plausible and, thus, not clearly erroneous. U.S.S.G. § 2D1.1(c)(4); *see, e.g.*, *United States v. Betancourt*, 422 F.3d 240, 246-47 (5th Cir. 2005). Therefore, there was no procedural error.

Baker relies solely upon the above-discussed drug-quantity challenge to contend his sentence is substantively unreasonable. Because the district court

did not err in its drug-quantity calculation, Baker's sentence, which was within the advisory Guidelines sentencing range of 108 to 135 months, is presumed reasonable. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).

AFFIRMED.