# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 23, 2013

Lyle W. Cayce
Clerk

No. 12-50643
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO CARDONA GUILLEN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2578-2

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Roberto Cardona Guillen pleaded guilty to importing a controlled substance, conspiracy to import a controlled substance, possession with the intent to distribute a controlled substance, and conspiracy to possess with the intent to distribute a controlled substance. Based on information obtained during the debriefing of Cardona Guillen's wife, a coconspirator, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presentence report (PSR) recommended holding Cardona Guillen responsible for 24.75 kilograms of cocaine for sentencing purposes.

Cardona Guillen argues on appeal that the district court erred in concluding that the PSR's drug quantity determination was supported by a preponderance of the evidence. We review the district court's determination of drug quantity for clear error and will affirm the finding as long as it is "plausible in light of the record as a whole." *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotation marks and citations omitted). A district court may determine drug amounts for sentencing purposes provided the finding is based on reliable evidence, such as the PSR. *See id.*; *United States v. Alford*, 142 F.3d 825, 832 (5th Cir. 1998). The defendant bears the burden of presenting rebuttal evidence to demonstrate that the information in the PSR is "materially untrue, inaccurate or unreliable." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (internal quotation marks and citation omitted), *cert. denied*, 133 S. Ct. 1845 (2013).

Although Cardona Guillen describes his wife's debriefing testimony as unreliable because she changed her story, she erred regarding the date of one of her smuggling trips, and their marriage was strained by infidelity, Cardona Guillen has provided no rebuttal evidence to demonstrate that the information in his PSR is unreliable or untrue. It is plausible in light of the record that his wife tried to minimize their involvement until she was confronted with information regarding another coconspirator and was thus forced to change her story to admit other relevant conduct. *Cf. United States v. Martin*, 615 F.2d 318, 325-26 (5th Cir. 1980) (assessing reliability of informant and concluding that a some weight should be accorded a statement against penal interests). The computerized border crossings corroborate four additional smuggling trips by Cardona Guillen and his wife, and the similar methodology employed by two

other coconspirators at their time of arrest was further corroboration therof. As it is plausible in light of the record that Cardona Guillen was responsible for other loads in his prior crossings and that he conspired with his wife and others to import cocaine in that manner, Cardona Guillen has not demonstrated that the district court clearly erred when determining the drug quantity for which he was held responsible. The judgment of the district court is AFFIRMED.