# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50011
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MATEO CASTILLO-RUELAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-779-4

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Mateo Castillo-Ruelas appeals the total 324-month sentence imposed after a jury convicted him of conspiracy to possess with the intent to distribute 100 kilograms or more of marijuana, illegal reentry after having previously been deported, and being a felon in possession of a firearm. Castillo-Ruelas argues that the district court erred in calculating the drug quantity and in imposing an enhancement for obstruction of justice.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50011

The district court's calculation of the quantity of drugs involved in an offense is a factual determination that we review for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). Castillo-Ruelas's mere opinion that his brother's testimony was not credible is not sufficient to undermine the district court's credibility determinations or rebut the reliability of the drug quantity information contained in the presentence report (PSR). *See United States v. Montes*, 602 F.3d 381, 384 (5th Cir. 2010); *United States v. Ford*, 558 F.3d 371, 376-77 (5th Cir. 2009); *United States v. Alford*, 142 F.3d 825, 832 (5th Cir. 1998).

The district court's determination that a defendant obstructed justice pursuant to U.S.S.G. § 3C1.1 is also a factual finding that we review for clear error. *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008). Castillo-Ruelas's mere objection to the obstruction of justice enhancement, without more, does not suffice to rebut the truth, accuracy, or reliability of the supporting evidence contained in the PSR. *See id.* at 208; *see also Ford*, 558 F.3d at 376-77.

The district court did not clearly err in calculating the drug quantity or in imposing an obstruction of justice enhancement. *See Betancourt*, 422 F.3d at 246; *Juarez-Duarte*, 513 F.3d at 208. Accordingly, the judgment of the district court is AFFIRMED.