# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 16-10210
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL BONILLA,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-153-1

———————

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Miguel Bonilla contests the sentence imposed for his conviction for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. Bonilla challenges the district court's calculation of the drug quantity attributable to him for purposes of U.S.S.G. § 2D1.1(c) and the assessment of the enhancements under § 2D1.1(b)(1) for possession of a dangerous weapon and § 2D1.1(b)(2) for making a credible threat of violence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10210

According to Bonilla, the district court committed clear error regarding the those rulings because its factual findings supporting the rulings were based on unreliable and uncorroborated statements by Erica Ayala, an individual involved in methamphetamine transactions with Bonilla.

We review for clear error the district court's factual findings concerning the applicable drug quantity under § 2D1.1(c) and the enhancements under § 2D1.1(b)(1) and (2). *United States v. Rodriguez-Guerrero*, 805 F.3d 192, 195 (5th Cir. 2015); *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *Betancourt*, 422 F.3d at 246 (internal quotation marks and citation omitted).

A district court may determine drug quantities for sentencing purposes provided that the calculation is based upon reliable evidence, such as the presentence report. *United States v. Alford*, 142 F.3d 825, 831–32 (5th Cir. 1998). The defendant has the burden of presenting rebuttal information to show that the information set forth in the presentence report is "materially untrue, inaccurate or unreliable." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (internal quotation marks and citation omitted). The court may extrapolate drug estimates "from any information that has sufficient indicia of reliability to support its probable accuracy," including a law enforcement agent's testimony and uncorroborated hearsay evidence. *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006) (internal quotation marks and citation omitted); *see United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir. 1996). "Credibility determinations in sentencing hearings are peculiarly within the province of the trier-of-fact." *United States v. Sotelo*, 97 F.3d 782, 799 (5th Cir. 1996) (internal quotation marks and citation omitted).

No. 16-10210

We conclude the district court's determination of the applicable drug quantity was plausible in light of the record as a whole.  Ayala's statements indicating that Bonilla was involved extensively in methamphetamine trafficking were supported by information provided by Bonilla's girlfriend and co-defendant, Kelly James, as well as the testimony of an investigating officer at Bonilla's sentencing hearing.  Given the evidence of Bonilla's considerable dealings in methamphetamine, the district court's estimate of the quantity of methamphetamine Bonilla distributed to Ayala is not clearly erroneous.

The district court's findings that Bonilla possessed a dangerous weapon and made a credible threat of violence also are not clearly erroneous.  In addition to Ayala's statement that Bonilla always carried a handgun during their drug transactions, James indicated that Bonilla sold a firearm to a co-conspirator during the conspiracy.  Moreover, it was plausible for the district court to credit Ayala's version of the events that led to Bonilla taking possession of Ayala's vehicle, including Ayala's statements that Bonilla pointed a shotgun at her and threatened harm to her if she did not pay a drug debt.

Bonilla also raises an argument that he concedes is foreclosed by circuit precedent, which is that his rights to due process under the Fifth Amendment and to confront and cross-examine witnesses under the Sixth Amendment were violated at sentencing because the district court's findings were made without live testimony from out-of-court declarants.  Bonilla is correct that this argument is foreclosed by circuit precedent.  *See United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006).

AFFIRMED.