# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11446
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                        Plaintiff-Appellee

v.

SUSAN WILLIAMS,

                        Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-21-7

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

Susan Williams appeals the 200-month sentence imposed following her guilty plea conviction of possession with intent to distribute methamphetamine. She argues that the district court erred by denying her a mitigating role adjustment pursuant to U.S.S.G. § 3B1.2 and that the drug quantity information contained in the presentence report (PSR) lacked sufficient indicia of reliability.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11446

We review Williams's claims for clear error. *See United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016); *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *Gomez-Valle*, 828 F.3d at 327 (internal quotation marks and citation omitted).

Section 3B1.2 of the Sentencing Guidelines "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." § 3B1.2, comment. (n.3(A)). The defendant has the burden of demonstrating his entitlement to a minor or minimal role adjustment. *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016).

The § 3B1.2 factors in this case include some factors favoring granting the adjustment and some factors counseling against the adjustment. *See Bello-Sanchez*, No. 16-41181, ___ F.3d ___, 2017 WL 4229067, 3 (Sept. 25, 2017). Favoring mitigation in this case is the fact there was no evidence presented regarding Williams's involvement in planning or organizing the conspiracy or the degree to which she exercised decision-making authority or influenced the exercise of that authority. *See id.* However, the record clearly sets forth the nature and extent of her participation and demonstrates that she understood that she was involved in illegally transporting and distributing methamphetamine and that she would be paid for her involvement. *Id.*

Because the factors support a plausible judgment in either direction, the district court's conclusion that Williams did not meet her burden to prove she was entitled to a mitigating role adjustment is plausible in light of the record as a whole. *See id.*; *Gomez-Valle*, 828 F.3d at 327. Accordingly, the district court did not clearly err by denying a mitigating role reduction. *See Gomez-Valle*, 828 F.3d at 327.

A district court may determine drug quantities for sentencing purposes provided that the calculation is based upon reliable evidence, such as the PSR. *United States v. Alford*, 142 F.3d 825, 832 (5th Cir. 1998).  The court may extrapolate drug estimates "from any information that has a sufficient indicia of reliability to support its probable accuracy," including a law enforcement agent's testimony and uncorroborated hearsay evidence.  *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006) (internal quotation marks and citation omitted).  Generally, a PSR has sufficient indicia of reliability and may be adopted without further inquiry if it has an adequate evidentiary basis and the defendant does not rebut the facts therein or otherwise show that it is unreliable.  *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012).  The defendant has the burden of presenting rebuttal information to show that the information set forth in the PSR is "materially untrue, inaccurate or unreliable."  *Id.* (internal quotation marks and citation omitted).  A defendant's "[m]ere objections" to the facts in the PSR will not "suffice as competent rebuttal evidence."  *United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013) (internal quotation marks and citation omitted).

Williams's challenge to the reliability of the drug quantity information is unavailing.  At the sentencing hearing, the district court heard evidence regarding the discrepancies in Jonathan Morris's prior statements.  Those discrepancies were explained, and reliability of the information was established.  Williams therefore has failed to show that the information provided by Morris in the PSR was materially untrue or unreliable.  *See Valdez*, 453 F.3d at 267; *Harris*, 702 F.3d at 230.  Williams did not submit any evidence indicating that the drug quantity information provided by Eric Overstreet was materially untrue or unreliable.  *See Valdez*, 453 F.3d at 267; *Harris*, 702 F.3d at 230.  As such, the district court did not clearly err in relying

upon the PSR's recitation of information provided by Morris and Overstreet in determining Williams's drug quantity.  *See Betancourt*, 422 F.3d at 246; *Alaniz*, 726 F.3d at 619.

AFFIRMED.