# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2022

Lyle W. Cayce
Clerk

No. 21-40707
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROMULO CHAPA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-960-9

Before STEWART, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Romulo Chapa pleaded guilty to money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A), and was sentenced to 151 months of imprisonment. He appeals his sentence.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40707

Chapa contends that the district court erred in finding the amount of cocaine for which he was responsible for purposes of sentencing. He asserts that the quantity finding in the presentence report (PSR) was not supported by specific credible evidence. He admits that he is responsible for the drug equivalent of the currency for which the district court found him accountable and conceded in the district court that he delivered loads of cocaine while he actively participated in a drug trafficking organization. However, he asserts that the district court attributed too much weight to him.

We review the district court's drug-quantity finding for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). None exists if the district court's finding is plausible in light of the record as a whole. *Id.*

In light of the deference owed to the district court's fact finding, *see United States v. Lucio*, 985 F.3d 482, 486 (5th Cir.), *cert. denied*, 142 S. Ct. 177 (2021), Chapa has not shown that the drug-quantity finding was implausible in light of the record as a whole, *see Betancourt*, 422 F.3d at 246. The quantity finding was derived from an investigation by law enforcement, was in part corroborated by Chapa's own version of the facts, and reflected, inter alia, quantity estimates given by cooperating sources who participated in the drug trafficking organization. The facts in the PSR were based on information that render recitations as to quantity reliable. *See United States v. Kearby*, 943 F.3d 969, 974 (5th Cir. 2019); *United States v. Fields*, 932 F.3d 316, 320 (5th Cir. 2019); *United States v. Alford*, 142 F.3d 825, 832 (5th Cir. 1998). Moreover, the quantity finding was based on conduct in which Chapa participated and properly was based on the sources' estimates of the size of the loads that he transported. *See Alford*, 142 F.3d at 832. The record plausibly supports that Chapa delivered loads equal to the amount in the PSR and establishes that the quantity determination, which was a conservative estimate, was based on information with some indicia of reliability. *See Betancourt*, 422 F.3d at 246;

2

No. 21-40707

*United States v. Dickerson*, 909 F.3d 118, 128 (5th Cir. 2018); *see also Lucio*, 985 F.3d at 487.

Importantly, Chapa presented no evidence to support that he typically transported less cocaine than the PSR identified or to suggest that the facts in the PSR as to quantity were wrong. Because he did not show that the facts in the PSR concerning quantity were untrue or inaccurate, the district court could consider those facts as sufficiently reliable evidence of the amount of cocaine for which he was accountable. *See United States v. Harris,* 702 F.3d 226, 230 (5th Cir. 2012). His mere objections were insufficient to rebut the PSR. *See United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998).

Accordingly, the judgment of the district court is AFFIRMED.